DANIELS *v.* BAY CITY TRACTION & ELECTRIC CO.

1. APPEAL AND ERROR—REVIEW—QUESTIONS CONSIDERED—RELIEF PRAYED.

    The court will not enter into a doubtful legal question involved in a case where the plaintiff in error requests that, unless the case can be reversed and no new trial granted, it be affirmed, and the case is not one in which the court would deny a new trial.

2. SAME—NEW TRIAL—NECESSITY.

    On error to review a judgment against a street-railroad company for injuries to the driver of a vehicle, the court will not deny a new trial on reversing the judgment, where it is inferable from the record that on retrial plaintiff might establish a custom on the part of the defendant to stop its cars and permit drivers, situated as was plaintiff, to cross its tracks in safety, and that he relied upon such custom, thereby relieving himself from contributory negligence.

Error to Bay; Collins, J. Submitted May 6, 1908. (Docket No. 107.) Decided May 26, 1908.

Case by William H. Daniels against the Bay City Traction & Electric Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Weadock & Duffy*, for appellant.

*John Brigham* (*De Vere Hall*, of counsel), for appellee.

CARPENTER, J. For a statement of this case see 143 Mich. 493. There we reversed a judgment in favor of the plaintiff, and ordered a new trial. It has been retried and a verdict of $500 rendered in plaintiff's favor. Defendant brings the case here for review. The case made by plaintiff upon the second trial is not materially different from

that shown by the former record.   In a legal sense it is certainly no weaker.   Defendant's counsel has taken an unusual course.   He asks us to reverse the judgment without granting a new trial, and says that unless we take that course that he requests the judgment to be affirmed. In view of this request, we are not justified in entering into a consideration of the doubtful legal question involved—a question upon which the Justices who sat on the former hearing of this case differed.   For whatever might be our conclusion respecting that question, we are bound to say that this is not one of those unusual cases where we would decline to grant a new trial.

In this connection it should be stated that, from this record, it may be inferred that on a new trial plaintiff may establish a custom on the part of the railway company to stop its cars and permit drivers of vehicles, situated as was plaintiff, to cross its tracks in safety.   He ought not to be deprived of the right of establishing this, as he would be by denying a new trial, and of contending that because he relied upon this custom (see *Detroit, etc., R. Co.* v. *Van Steinburg*, 17 Mich. 99) that he was not guilty of contributory negligence.

The judgment is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, OSTRANDER, MOORE, and MCALVAY, JJ., concurred.